

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-26-00201-CV

———————————————

MELANIE FLETCHER, Appellant

V.

LARRY BRANCH, Appellee

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2026-002184-1

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

When a "trial court clerk fail[s] to file the clerk's record because the appellant [has] failed to pay or make arrangements to pay the clerk's fee . . . , the appellate court may—on . . . its own initiative—dismiss the appeal for want of prosecution."[1] Tex. R. App. P. 37.3(b). And here, the trial court clerk has not filed the clerk's record because Fletcher has failed to pay the clerk's fee.

We notified Fletcher of this issue and warned her that we would dismiss her appeal for want of prosecution unless she made payment arrangements for the clerk's record and provided us with proof of payment within ten days—by June 8, 2026. *See* Tex. R. App. P. 37.3(b) (authorizing dismissal for nonpayment but stating that the appellate court "must give the appellant a reasonable opportunity to cure"), 44.3 (providing that court must not dispose of an appeal for formal defects "without allowing a reasonable time to correct" the defects). Fletcher responded by insisting that she had, months earlier, "tendered [to the trial court clerk a] silver surety bond certificate for required tendered payments." However, there is no indication that the trial court clerk agreed to accept a "silver surety bond certificate" as a form of payment. To the contrary, the trial court clerk has informed us that she has billed Fletcher and still has not been paid "by cash or credit card." *See Lynn v. Ferguson*, No.

---

[1]This rule does not apply if "the appellant [i]s entitled to proceed without payment of costs." Tex. R. App. P. 37.3(b). But there is no indication that Appellant Melanie Fletcher is entitled to proceed without payment of costs.

02-25-00619-CV, 2026 WL 1365091, at *1 (Tex. App.—Fort Worth May 14, 2026, pet. denied) (per curiam) (mem. op.) (holding that the appellant had not paid for the clerk's record when he claimed the clerk "had wrongfully rejected a money order" but the clerk confirmed that the money order was not signed and that the appellant had not provided other valid payment). And Fletcher's June 8 deadline for correcting this issue has come and gone. *See* Tex. R. App. P. 37.3(b), 44.3.

Because Fletcher has not paid for the clerk's record, we dismiss her appeal for want of prosecution. *See* Tex. R. App. P. 37.3(b), 42.3(b), 43.2(f); *Lynn*, 2026 WL 1365091, at *1. Her pending motions are denied.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: June 25, 2026

3